UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHIRU GANIYU,<br><br>                    Plaintiff,<br><br>        -against-<br><br>ANTHONY LOPEZ, et al.,<br><br>                    Defendants. | 1:19-CV-11605 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*, seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this Court or submit an amended IFP application.

To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff has filed an IFP application, but he has not fully completed it. He states that he is unemployed. (ECF 1, at 1.) But he fails to answer the IFP application's questions about how much money he has in a bank account, the worth of any property or other assets he owns, his monthly expenses, any individuals he supports financially, or any other financial obligations he has.

Because of Plaintiff's failure to fully answer his IFP application's questions about his financial status, the Court cannot grant Plaintiff IFP status at this time. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees to commence this action or submit the attached amended IFP application in which he fully discloses his financial

status – he must fully and completely answer all of the amended IFP application's questions. If Plaintiff submits the amended IFP application, it should be labeled with docket number 19-CV-11605 (CM). If the Court finds that Plaintiff now possesses the funds to pay the relevant fees, he may be required to pay them.

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: January 3, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge