UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASHIRU GANIYU,<br><br>       Plaintiff,<br><br>-against-<br><br>ANTHONY LOPEZ; LETITIA JAMES, Attorney General NYC; SCOTT M. LEKAN Commissioner (OSC); MARK J.F. SCHROEDER, Commissioner DMV; NYC DEPT SOCIAL SERVICE; CHILD SUPPORT DIVISION,<br><br>       Defendants. | 1:19-CV-11605 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, who appears *pro se,* brings this action asserting claims under 42 U.S.C. § 1983. He sues (1) Anthony Lopez, a Support Magistrate of the New York Family Court, Bronx County, (2) Letitia James, the Attorney General of the State of New York, (3) Scott M. Lekan, the Commissioner of the Office of Child Support Enforcement, which is an office within the Administration for Children & Families of the United States Department of Health & Human Services ("HHS"), (4) Mark J.F. Schroeder, the Commissioner of the New York State Department of Motor Vehicles ("DMV"), (5) the New York City Department of Social Services, and (6) the "Child Support Division, " which the Court understands to be the New York City Human Resources Administration's Office of Child Support Services.

  The Court construes Plaintiff's claims against Lekan, a federal official, as brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

  Plaintiff has paid the fees to bring this action. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff leave to replead.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff asks this Court for the following relief: "to give Justice Judgment for this debt is due, and to dismiss my case and reinstate my licences [sic]." (ECF 2, at 5.)

Plaintiff's complaint is not clear. Plaintiff seems to allege that the New York Family Court, Bronx County, has determined that he owes child support. He also seems to allege that as a result of his failure to pay child support, his income has been garnished or his property has been seized, and that the DMV has suspended his driver's license.

Plaintiff alleges that "an imminent money judgment for all[e]ged child support[] statu[t]es that deprive right[s] guaranteed by Bill of Rights are illegal under color of law and protected by the 14th Amendment." (*Id.* at 8.) He states that the Secretary of HHS "bears the burden of proof of introducing ev[i]dence . . . proving a debt is owed before the court can attach . . . claims . . . upon [him] and begin seizing property by the issuing [of an] income withholding order." (*Id.* at 9.) He further demands "evidence showing an agreement for child support before . . . attaching the following titles to [him]: 'obligor, non-custodial parent[,] debtor, payor, . . . person liable to pay." (*Id.*) Specifically, Plaintiff asks for "evidence of [his] wet-ink signature" that he has "agree[d] for a loan for . . . child support and a system for payment or re-payment of a loan or grant paid to the state for child support." (*Id.* at 10.)

## DISCUSSION

**A.      This Court cannot set aside or modify a state-court order concerning child support**

Plaintiff brings his complaint using a form for a civil-rights complaint. He checks the box on the form that indicates that the basis for the Court's jurisdiction to consider this action is 42

U.S.C. § 1983. (ECF 2, at 3.) Plaintiff's claims therefore arise under the Court's federal-question jurisdiction.

The Court construes Plaintiff's complaint as asking this Court to (1) nullify a determination of the New York Family Court, Bronx County, with regard to Plaintiff's obligation to pay child support, (2) enjoin the defendants from garnishing Plaintiff's income or seizing his property to pay his child-support arrears, and (3) order the defendants to reinstate his driver's license, which had been suspended as a penalty for those arrears. Under the *Rooker-Feldman* doctrine, however, this Court lacks subject-matter jurisdiction to consider any of Plaintiff's claims challenging the validity or enforcement of the Family Court's order. In the alternative, under the domestic-relations abstention doctrine, the Court must abstain from exercising its federal-question jurisdiction over these claims.

1. **The *Rooker-Feldman* doctrine**

Federal district courts lack authority to review state-court orders. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *see also Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments . . . .").

"[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F. 3d 77, 88 (2d Cir. 2005). Federal review of claims is barred under the *Rooker-Feldman* doctrine when four requirements are met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district-court review and rejection of the state-court judgment; and (4) the

4

state-court judgment must have been rendered before the district-court proceedings commenced. *Id*. at 85 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284).

A plaintiff's challenge in a federal district court to "the validity or enforcement of [a] child support order itself" is barred by the *Rooker-Feldman* doctrine. *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013). Thus, a plaintiff's request that this Court review and overturn a decision by a New York Family Court concerning the amount of child support that he or she owes is barred by that doctrine. *See, e.g., Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633, 2019 WL 5810307, at *3-4 (S.D.N.Y. Nov. 5, 2019); *Grigoli v. 42 U.S.C. § 654(3) Child Support Enforcement Div.*, No. 18-CV-3672, 2018 WL 2084172, at *3-4 (S.D.N.Y. May 1, 2018); *Davis v. Westchester Cnty. Family Court*, No. 16-CV-9487, 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) ("'Courts have repeatedly invoked *Rooker-Feldman* in cases in which plaintiffs challenge family court decrees setting child support arrears. . . . The fact that Plaintiff is challenging the constitutional adequacy of the proceedings is of no help to him, as many of the cases cited . . . (and others) have arisen in identical contexts.") (collecting cases, citations omitted).

The *Rooker-Feldman* doctrine also bars claims arising out of a third party's actions when those actions "are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock*, 422 F.3d at 88 (holding that "[w]here a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that" the *Rooker-Feldman* doctrine bars). Courts have applied this doctrine to bar claims challenging the enforcement of child-support orders by garnishment, seizure, and suspension of a child-support debtor's driver's license. *See Fernandez v. Turetsky*, No. 12-CV-4092, 2014 WL 5823116, at *1, 3-4 (E.D.N.Y. Nov. 5, 2014), *aff'd*, 645

5

F. App'x 103 (2d Cir. 2016) (summary order); *Leftridge v. Support Enforcement Servs.*, No. 3:12-CV-150, 2013 WL 1947174, at *2 (D. Conn. May 3, 2013), *appeal dismissed*, No. 13-1809 (2d Cir. June 20, 2013); *Remy v. NYS Dep't of Taxation & Fin.*, No. 09-CV-4444, 2010 WL 3925184, at *8 (E.D.N.Y. Aug. 18, 2010), *report & recommendation adopted*, 2010 WL 3926919 (E.D.N.Y. Sept. 29, 2010), *aff'd*, 507 F. App'x 16 (2d Cir. 2013) (summary order); *see also Adams v. Vt. Office of Child Support*, 717 F. App'x 33, 34 (2d Cir. 2017) (summary order) (action seeking "an injunction relieving [the plaintiff] of the obligation to pay child support, preventing the garnishment of her future wages, and requiring the return of the monies already collected from her, as well as an award of damages for injuries caused by the child support obligation" should have been dismissed because of the *Rooker-Feldman* doctrine); *Fernandez*, 645 F. App'x at 105 ("The seizure of [the plaintiff's] cars is an injury 'produced by' or caused by the state-court judgment setting [child-support] arrears.").

Plaintiff's complaint, while not clear, seems to challenge an order by the New York Family Court, Bronx County, issued before Plaintiff filed this action, in which the Family Court determined that he owes child support. By asking this Court "to give Justice Judgment for this debt is due, and to dismiss my case and reinstate my licences [sic]" (ECF 2, at 5), Plaintiff appears to challenge the validity of that order and its enforcement by garnishment, seizure, or the suspension of his driver's license. Thus, Plaintiff's claims for relief are barred by the *Rooker-Feldman* doctrine, and the Court dismisses them for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 544 U.S. at 291 (the *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction").

### 2. The domestic-relations abstention doctrine

In 1990, in *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues, so long as those claims could be fully and fairly determined in the state courts. *See* 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child . . . ." *Id.* (internal quotation marks and citation omitted).

Two years after the Second Circuit issued its decision in *American Airlines*, the Supreme Court of the United States held, in *Ankenbrandt v. Richards*, that a previously recognized exception to the federal district courts' subject-matter jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees" in actions brought under a federal district court's diversity jurisdiction. 504 U.S. 689, 703 (1992).

On October 30, 2019, the Second Circuit, in *Deem v. DiMella-Deem*, held that regardless of the Supreme Court's holding in *Ankenbrandt*, its own previous holding in *American Airlines* remains good law. 941 F.3d 618, 621 (2d Cir. 2019), *pet. for cert. filed*, No. 19-1111 (Mar. 6, 2020). Thus, "[a]lthough the domestic relations '*exception*' to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrant* . . . does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does." *Id.* (emphasis in original). Federal district courts must therefore *abstain* from exercising their federal-question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for *lack of jurisdiction* when they are asserted under diversity jurisdiction. *See id.* at 621-24.

Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to overturn or "dismiss" the determination of the New York Family Court, Bronx County, that he owes child-support. (ECF 2, at 5.) He asserts that his income is being garnished or his property is being seized due to his child-support debt. He also seeks the reinstatement of his driver's license, which has been apparently suspended due to his child-support debt. His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's order and its enforcement. *Am. Airlines*, 905 F.2d at 14; *Simmons*, 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("Thus, even if *Rooker-Feldman* did not bar Plaintiff's claim asking this Court to review a support order that the Family Court issued, calculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing"); *Myers v. Sara Lee Corp.*, No. 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

    a.    **Child-support collection**

In New York State, a child-support debtor is entitled to the postjudgment remedies outlined in Article 52 of the New York Civil Practice Law and Rules ("Article 52" and "CPLR"). For example, when a local government's support collection unit ("SCU") issues an execution for enforcement of current support or arrears, but there is "an error in the amount" purportedly owed, the debtor may assert that error as a "mistake of fact" and "shall have an opportunity to

make a submission in support of the objection within fifteen days from service of a copy" of the execution. *See* N.Y.C.P.L.R. § 5241(a)(8), (e). The appropriate agency rules on the objection and "notif[ies] the debtor of its determination within forty-five days" of service of the execution. N.Y.C.P.L.R. § 5241(e). If the agency does not agree with the debtor's objection, the debtor may seek judicial review of the agency's determination in a proceeding brought in a state court under Article 78 of the New York Civil Practice Law and Rules ("Article 78"). *Beattease v. Washington Cnty. Support Collection Unit*, 92 A.D.3d 1037, 1038 (3d Dep't 2012) (noting that an applicant for relief should commence an Article 78 proceeding after exhausting his administrative remedies before an SCU); *see Smith v. N.Y. Child Support Process Ctr.*, No. 19-CV-9266, 2019 WL 6312178, at *3 (S.D.N.Y. Nov. 25, 2019), *appeal pending*, No. 20-26 (2d Cir.).

### b. Driver's license suspension

New York State law also has an established procedure for notifying a child-support debtor before the DMV suspends his or her driver's license because of child-support debt, and providing him or her with an opportunity to be heard. When child-support arrears total four months or more of support payments, the SCU "shall notify the support obligor in writing that his or her continued failure to pay the support arrears shall result in notification to the [DMV] to suspend the support obligor's driving privileges. . . ." N.Y. Soc. Serv. Law § 111-b(12)(b)(1). "A support obligor who has received such a notice may avoid the suspension" by (1) making full payment of all past due support; (2) making satisfactory payment arrangements for current and past due support, or (3) documenting that he is receiving public assistance or supplemental security income, or that his income falls below the self-support reserve. N.Y. Soc. Serv. Law § 111-b(12)(e). "Before the DMV is notified, the obligor may challenge the impending suspension directly with the [SCU], and, if he disagrees with its final determination, he may then seek redress in Family Court." *Collins v. Saratoga Cnty. Support Collection Unit*, No. 1:12-CV-0494,

2012 WL 2571288, at *6 (N.D.N.Y. July 3, 2012) (citing N.Y. Soc. Serv. Law § 111-b(12)(b)(2), (d)) (footnote omitted), *aff'd*, 528 F. App'x 15 (2d Cir. 2013) (summary order).

If an obligor whose driving privileges were suspended did not actually receive the required notice, he or she "may at any time request a review" from the SCU. N.Y. Soc. Serv. Law § 111-b(12)(f). If the SCU determines that the obligor either "has not accumulated" four months of support arrears, or that he or she meets any of the requirements in N.Y. Soc. Serv. Law § 111-b(12)(e) for avoiding suspension (such as making a payment arrangement or demonstrating income below certain levels), then the SCU must notify the DMV that the suspension of driving privileges must be terminated. *Id.*; *see* N.Y. Soc. Serv. Law § 111-b(12)(d)(1). If the child-support obligor is unsuccessful in that administrative challenge, he or she may seek state-court judicial review under Article 78. *See* N.Y. Veh. & Traf. Law § 510(4-e)(4); *Collins*, 2012 WL 2571288, at *6-7 (discussing administrative and judicial review available to a child-support obligor under New York State law after the DMV is notified by an SCU of the suspension a child-support obligor's driver's license).

### c. No obstacles

Plaintiff alleges no facts suggesting that there are any obstacles preventing him from receiving a full and fair determination regarding the amount of child support he owes, the garnishment of his income or the seizure of his property to pay child-support arrears, or the suspension of his driver's license as a penalty for child-support arrears. Accordingly, under the domestic-relations abstention doctrine, the Court alternatively abstains from exercising its federal-question jurisdiction over Plaintiff's claims arising from those events.

## B. *Bivens* claims

The Court must dismiss Plaintiff's *Bivens* claims against Lekan. To assert *Bivens* claims against an individual federal officer, the plaintiff must allege facts showing the federal officer's

personal involvement in the alleged violations of the plaintiff's federal constitutional rights. *See, e.g.*, *Thomas v. Ashcroft*, 470 F.3d 491, 496-97 (2d Cir. 2006). And the only relief available under *Bivens* is monetary damages. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). Because Plaintiff alleges no facts showing Lekan's personal involvement, and only seeks injunctive relief, the Court dismisses Plaintiff's *Bivens* claims against Lekan for failure to state a claim on which relief may be granted.

## CONCLUSION

This order is to be mailed in chambers.

The Court dismisses this action.

The Court dismisses Plaintiff's claims challenging the validity or enforcement of a state-court order that determined that Plaintiff owes child support. The Court does so because it either lacks subject-matter jurisdiction under the *Rooker Feldman* doctrine or, alternatively, because it abstains from exercising its federal-question jurisdiction under the domestic-relations abstention doctrine.

The Court dismisses the remainder of Plaintiff's claims for failure to state a claim on which relief may be granted. Because the Court dismisses some of Plaintiff's claims for that reason, the Court grants Plaintiff leave to replead those claims in an amended complaint to be filed within 30 days of the date of this order. *See Wachtler*, 35 F.3d at 82. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter a judgment dismissing this action for the reasons specified in this order.

SO ORDERED.

Dated: March 25, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.